IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY MORTENSON, ALEXANDRIA E. MORTENSON, for MARY A. MORTENSON,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 4:21-cv-00026-JMK<br>3:21-cv-00248-JMK<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

Before the Court are two motions: Defendant United States' "Motion to Dismiss all Claims Against the United States for Lack of Administrative Exhaustion and as Barred by the Statue of Limitations" at Docket 6, and the companion "Motion to Dismiss All Claims Against the United States in Case No. 3:21-cv-00248-JMK for Lack of Administrative Exhaustion and Expired Statute of Limitations" at Docket 10. Plaintiffs did not file a response to either motion. For the following reasons, the motions are **GRANTED IN PART**, and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiffs Jerry Mortenson and Alexandria E. Mortenson bring these actions on behalf of Mary A. Mortenson under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674. Plaintiffs allege that dental providers at Yukon Kuskokwim Health Corporation (YKHC) and Yukon Kuskokwim Delta Regional Hospital (YKDRH) in Bethel, Alaska, committed medical malpractice on October 2, 2019, while providing dental care to Mary Mortenson.[1]

Plaintiffs, representing themselves, initially filed a small claims action in state court on October 1, 2021 ("the First Complaint").[2] On November 1, 2021, the Government certified that the dental providers at YKHC/YKDRH are deemed federal employees under the FTCA and were acting within the scope of their employment with respect to Plaintiffs' allegations.[3] The case was properly removed to this Court, and the United States was substituted in place of all named defendants pursuant to 28 U.S.C. § 2679(d)(2).[4]

The Government then filed its initial Motion to Dismiss on November 3, 2021 ("First Motion to Dismiss"), alleging that Plaintiffs' claims were ". . . fatally flawed because they have failed to file an administrative claim with the appropriate agency, a

---

[1] *See generally* Docket 1-1; Complaint, *Mortenson v. YKHC/YKDRH Dental Dept.*, Case No. 3:21-cv-00248-JMK (D. Alaska Nov. 9, 2021) (Docket 1).
[2] Docket 1-1.
[3] Docket 3 at 2. Healthcare providers at this facility are employees of the United States for purposes of liability under the FTCA, pursuant to YKHC's compact and agreement with the Department of Health and Human Services under the Indian Self-Determination and Education Assistance Act (ISDEAA), 25 U.S.C. § 5321.
[4] *See generally* Docket 1.

*Mortenson, et al. v. United States*  Case No. 4-21:cv-00026-JMK
Order Granting Government's Motion to Dismiss  Page 2
Case 4:21-cv-00026-JMK   Document 12   Filed 04/21/22   Page 2 of 8

jurisdictional prerequisite to filing a lawsuit against the United States for a tort."[5] On November 12, 2021, the Court issued a "Warning Notice to Plaintiff & Order Re: Motion to Dismiss," which instructed Plaintiffs to file any opposition to the Government's First Motion to Dismiss within 21 days.[6]

Plaintiff did not respond to the First Motion to Dismiss. Instead, on November 9, 2021, Alexandria E. Mortenson, representing herself, filed a new civil complaint in this Court against YKHC/YKDRH alleging medical malpractice on behalf of Mary A. Mortenson ("the Second Complaint").[7] On January 14, 2022, this Court *sua sponte* consolidated the two cases pursuant to Federal Rule of Civil Procedure 42, finding that "both actions share a common question of law and a common question of fact."[8]

The Government subsequently filed its "Motion to Dismiss All Claims Against the United States in Case No. 3:21-cv-00248-JMK for Lack of Administrative Exhaustion and Expired Statute of Limitations" on January 18, 2022 ("Second Motion to Dismiss").[9] To date, the Plaintiffs have not responded to either motion.

## II.  LEGAL STANDARD

The Government has filed its motions to dismiss pursuant to both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. As a preliminary matter, the Court recognizes that its previous order erroneously converted the

---

[5] Docket 6 at 2.
[6] Docket 8 at 3.
[7] *See generally* Complaint, *Mortenson v. YKHC/YKDRH Dental Dept.*, Case No. 3:21-cv-00248-JMK (D. Alaska Nov. 9, 2021) (Docket 1).
[8] Docket 9 at 2.
[9] Docket 10.

Government's First Motion to Dismiss into a motion for summary judgment.[10] While a Rule 12(b)(6) motion generally cannot rely on facts outside of the pleadings, this Court incorrectly understood the Government's argument under Rule 12(b)(6) to reference extrinsic evidence.[11] The Court accordingly rescinds the portion of its "Warning Notice to Plaintiff & Order Re: Motion to Dismiss" at Docket 8 that converts the Government's First Motion to Dismiss into a motion for summary judgment. It remains a motion to dismiss.

A.   **Federal Rule of Civil Procedure 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a party moves to dismiss a claim for lack of subject matter jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[12] As such, the party asserting subject matter jurisdiction has the burden of proving its existence.[13]

A jurisdictional attack under Rule 12(b)(1) may be facial or factual. A facial attack accepts the plaintiff's allegations as true, but asserts that they are legally insufficient to invoke jurisdiction.[14] A factual attack contests the truth of the plaintiff's allegations, and, in doing so, the defendant may introduce evidence outside the pleadings.[15] The court no longer presumes plaintiff's allegations to be true:

> When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof' under the same evidentiary standard that governs in the

---

[10] Docket 8 at 1.
[11] *See* Fed. R. Civ. P. 12(d).
[12] *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (quotation omitted).
[13] *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017); *Laborers' Int'l Union of N. Am., Local 341 v. Main Building Maint., Inc.*, 435 F. Supp. 3d 995, 999 (D. Alaska 2020).
[14] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).
[15] *Id*.

*Mortenson, et al. v. United States*                                                  Case No. 4-21:cv-00026-JMK
Order Granting Government's Motion to Dismiss                                              Page 4
Case 4:21-cv-00026-JMK   Document 12   Filed 04/21/22   Page 4 of 8

summary judgment context. The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met.[16]

Last, "[w]hen faced with a challenge to its subject matter jurisdiction under Rule 12(b)(1), the court must resolve that issue before determining whether the complaint states a claim under Rule 12(b)(1)."[17]

## B. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint because it fails to state a claim upon which relief can be granted. This means that the facts alleged by the complaint do not amount to a claim under any cognizable legal theory.[18] To survive a motion to dismiss, the complaint must contain enough facts that, if taken as true, would state a legal claim to relief that is "plausible on its face."[19] The Court assumes that the facts alleged in the complaint are true and construes them in the light most favorable to the nonmoving party.[20] However, conclusory statements, unwarranted inferences, and naked assertions of law will not suffice; "they must be supported by factual allegations" to survive a motion to dismiss.[21]

Overall, dismissal for failure to state a claim is proper "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

---

[16] *Id.* (internal citations omitted).
[17] *Local 341 v. Main Building Maint., Inc.*, 435 F. Supp. 3d 995, 999 (D. Alaska 2020) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).
[18] *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015).
[19] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[20] *Id.* (quoting *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012)).
[21] *Ashcroft*, 556 U.S. at 679.

*Mortenson, et al. v. United States*     Case No. 4-21:cv-00026-JMK
Order Granting Government's Motion to Dismiss     Page 5
Case 4:21-cv-00026-JMK  Document 12  Filed 04/21/22  Page 5 of 8

him to relief."[22] A court may dismiss a case based on an affirmative defense, but "only if the defendant shows some obvious bar to securing relief on the face of the complaint."[23] In this situation, a motion to dismiss will only be granted if the affirmative defense "raises no disputed issues of fact."[24]

## III. DISCUSSION

The Government argues that (a) the Court lacks jurisdiction because Plaintiffs failed to file an administrative claim with the appropriate agency, and (b) Plaintiffs' case should be dismissed with prejudice as time barred.

### A. The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Because They Have Not Properly Exhausted Their Administrative Remedies

To bring a tort claim against a federal agency, one must comply with all statutory prerequisites, including the requirement that plaintiff exhaust all administrative remedies before the commencement of a lawsuit.[25] After filing a claim with the appropriate federal agency, a plaintiff is deemed to have exhausted all administrative remedies once that claim is denied or upon expiration of six months.[26] The Ninth Circuit has held that this requirement is jurisdictional.[27]

---

[22] *Laborers' Int'l Union of N. Am., Loc. 341 v. Main Bldg. Maint., Inc.*, 435 F. Supp. 3d 995, 1000 (D. Alaska 2020) (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001)).
[23] *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).
[24] *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).
[25] 28 U.S.C. § 2675(a); *McNeil v. United States,* 508 U.S. 106, 113 (1993) (describing the FTCA's exhaustion requirement as a "clear statutory command").
[26] 28 U.S.C. § 2675(a).
[27] *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011).

*Mortenson, et al. v. United States*  Case No. 4-21:cv-00026-JMK
Order Granting Government's Motion to Dismiss  Page 6
Case 4:21-cv-00026-JMK   Document 12   Filed 04/21/22   Page 6 of 8

The Government moves to dismiss Plaintiffs' claims against the United States because they have not filed an administrative claim. Indeed, neither the First Complaint nor Second Complaint include any indication that Plaintiffs filed a claim with the appropriate federal agency, let alone that the claim was denied or that six months had passed since filing it.[28] Plaintiffs have not responded to either of the Government's motions to prove otherwise or amended their pleadings to allege exhaustion. The Court previously warned Plaintiffs that failure to oppose the Government's motion may result in dismissal, and it ordered Plaintiffs to file a response by December 3, 2021.[29] Because Plaintiffs do not oppose the Government's motions, the Court concludes that Plaintiffs have waived any challenge to the dismissal of their claims.[30] Furthermore, Plaintiffs have failed to meet their burden to establish subject matter jurisdiction: there simply is no evidence before the Court that Plaintiffs have met the jurisdictional requirements of the FTCA by first exhausting their administrative remedies. This mandates that the Court dismiss Plaintiffs' First Complaint and Second Complaint for lack of subject matter jurisdiction.[31]

## B. The Court does not Reach whether Plaintiffs' Claims are Time Barred

"[T]he requirement that jurisdiction be established as a threshold matter is inflexible and without exception; for jurisdiction is the power to declare the law, and

---

[28] *See* Docket 1-1; Complaint, *Mortenson v. YKHC/YKDRH Dental Dept.*, Case No. 3:21-cv-00248-JMK (D. Alaska Nov. 9, 2021) (Docket 1).
[29] Docket 8 at 2–3.
[30] *See V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (finding that party's non-opposition to motion to dismiss waived any challenge to the dismissal of its claims); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").
[31] *See* 28 U.S.C. § 2675(a); *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011).

*Mortenson, et al. v. United States*     Case No. 4-21:cv-00026-JMK
Order Granting Government's Motion to Dismiss     Page 7
Case 4:21-cv-00026-JMK   Document 12   Filed 04/21/22   Page 7 of 8

without jurisdiction the court cannot proceed at all in any cause."[32] The Government asks the Court to find that Plaintiffs' First Complaint and Second Complaint are time barred by the FTCA's statute of limitations, and thus dismiss the claims with prejudice pursuant to Rule 12(b)(6).[33] But because the Court does not have jurisdiction over Plaintiffs' claims against the United States, it cannot consider the Government's motion to dismiss for failure to state a claim. Whether an FTCA claim is barred by the statute of limitations is not jurisdictional and ruling on this issue would require the Court to analyze whether Plaintiffs' claims are subject to equitable tolling.[34] Without jurisdiction, the Court cannot proceed to this question.

## IV. CONCLUSION

For the reasons set forth above, the Government's motions to dismiss at Dockets 6 and 10 are **GRANTED IN PART** and Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED this 21st day of April, 2022, at Anchorage, Alaska.

> /s/ Joshua M. Kindred
> JOSHUA M. KINDRED
> United States District Judge

---

[32] *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)).
[33] Docket 6 at 5; Docket 10 at 7.
[34] *See United States v. Kwai Fun Wong*, 575 U.S. 402, 412 (2015).

*Mortenson, et al. v. United States*  Case No. 4-21:cv-00026-JMK
Order Granting Government's Motion to Dismiss  Page 8
Case 4:21-cv-00026-JMK   Document 12   Filed 04/21/22   Page 8 of 8